1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

EZEQUIEL PENA-VERA,

Defendant.

Case No. 2:17-cr-00361-HDM-NJK
2:19-cv-00271-HDM

ORDER

Before the court is the defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 37). The government has responded (ECF No. 45), but the defendant did not reply.

On November 8, 2017, a grand jury returned an indictment against the defendant, charging him with a violation of 8 U.S.C. § 1326, deported alien found unlawfully in the United States. On April 24, 2018, the defendant entered into a plea agreement and pled guilty to the charge of being a deported alien found unlawfully in the United States. On September 11, 2018, the court sentenced defendant to an eighteen (18) month term of imprisonment, with credit for time served. A direct appeal was not filed.

On February 12, 2019, defendant filed the instant § 2255 motion (ECF No. 37). The government argues that defendant's motion is precluded under the terms of the plea agreement.

A federal inmate may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, if: (1) the sentence was imposed in violation of the Constitution or

laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* § 2255(a); *see also United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010).

## A. Grounds One and Two

Defendant's first ground for relief asserts that *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), recognized a new right that is retroactively applicable to his case on collateral review. He asserts that in light of this new right, his prior deportation is invalid because his prior conviction for grand theft from a person cannot serve as a valid basis for his removal. Defendant's second ground for relief asserts that he was not afforded his right to administratively appeal his deportation order in 2008, which improperly deprived him of judicial review.

The government argues first that the defendant waived his right to collaterally attack his prior removal by pleading guilty pursuant to the Plea Agreement, and nonetheless, that the *Dimaya* decision has no bearing on his case.[1]

The Plea Agreement states:

> The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Guideline offense level as determined by the parties; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspects of the conviction under 28 U.S.C. § 1291 or sentence. The defendant also knowingly and expressly waived all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

---

[1] In *Dimaya*, the Supreme Court held that 18 U.S.C. § 16(b), which deals with "crime[s] of violence," is unconstitutionally vague. However, the defendant's offense of grand theft from a person is categorized as a *theft* offense, not a *crime of violence*, and therefore *Dimaya* has no effect on the defendant's case. Because *Dimaya* does not apply to defendant's case, his assertion that it renders his original removal invalid, is without merit.

- 2 -

(ECF No. 25 at 12-13.)

The right to collaterally attack a conviction is statutory and may be waived. *United States v. Abarca*, 685 F.2d 1012, 1014 (9th Cir. 1993). A defendant's waiver of a right to collateral attack is generally enforceable if "(1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (internal quotation marks omitted). Courts will enforce the plain language of a plea agreement if it is clear and unambiguous on its face. *See id.*

The waiver in the defendant's Plea Agreement encompasses this Motion and is clear and unambiguous. Further, the defendant makes no argument that his guilty plea was not knowingly and voluntarily made. Accordingly, the Court finds that the defendant, pursuant to the Plea Agreement, waived all collateral challenges to his conviction, except non-waivable claims of ineffective assistance of counsel.

**B. Ground Three**

Defendant's third ground for relief asserts ineffective assistance of counsel related to his immigration counsel's representation during his removal proceeding. Defendant also makes a general assertion that his counsel failed to file a direct appeal in the instant case.

**1. Immigration Counsel**

"Ineffective assistance of counsel in a deportation hearing is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985). To make out an ineffective assistance claim, an immigrant must show (1) that counsel's performance was deficient, and (2) that counsel's deficiency caused prejudice. *Mohammed v. Gonzales,* 400 F.3d 785, 793-94 (9th Cir. 2005). Prejudice only results when counsel's performance is "so inadequate that it may have affected the outcome of the proceedings." *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th

- 3 -

Cir. 1999).

The defendant argues that he had ineffective assistance of immigration counsel during his removal proceedings because (1) counsel failed to challenge the immigration judge's determination that he had been convicted of an aggravated violent felony and (2) counsel failed to research the law and the facts as they pertained to petitioner's case and therefore failed to properly present the case.

A 2255 motion is not the appropriate mechanism for raising an ineffective assistance of counsel claim related to the defendant's immigration counsel, because there is a "lack of sufficient evidentiary record as to what counsel did, why it was done, and what, if any, prejudice resulted." *See Correa-Rivera v. Holder*, 706 F.3d 1128, 1130 (9th Cir. 2013) (citing *Iturribarria v. INS*, 321 F.3d 889, 896 (9th Cir. 2003)). "Indeed, as a practical matter, a motion to reopen [removal proceedings] is the only avenue ordinarily available to pursue ineffective assistance of counsel claims." *Id.* Accordingly, because a 2255 motion is not the proper avenue for asserting an ineffective assistance of counsel claim in relation to the defendant's immigration counsel, this ground is therefore denied.

### 2. District Court Counsel

Ineffective assistance of counsel is a cognizable claim under § 2255. *Baumann v. United States*, 692 F.2d 565, 581 (9th Cir. 1982). In order to prevail on a such a claim, the defendant must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that his attorney's performance fell below an objective standard of reasonableness. *Id.* at 687-88. "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986). Second, the defendant must show that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. This requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *Id.* at 694.  The defendant must establish both deficient performance and prejudice in order to prevail on a § 2255 claim.  *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

Defendant asserts that counsel was ineffective for failure to file a direct appeal. Defendant's claim is without merit due to his entry into the Plea Agreement and evidence in the record that the defendant "never requested that [counsel] file an appeal." (*See* ECF No. 45-1 at 5.)  The defendant did not receive ineffective assistance of counsel for counsel's failure to file a direct appeal because he waived his right to appeal in the Plea Agreement.  *See United States v. Stearns*, 68 F.3d 328, 330 (9th Cir. 1995) (stating that if plea agreement itself waived right to appeal, then probably no ineffective assistance claim for failure to file appeal). Further, when asked by counsel if the defendant wished to pursue a direct appeal, he informed his counsel that he did not. (*See* ECF No. 45-1 at 5.)  Based upon the record before the court, counsel was not ineffective for failure to file a direct appeal because the defendant waived his right to appeal and did not request that his counsel file a direct appeal.

The defendant's third ground for relief is hereby denied.

For the foregoing reasons, defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 37) is hereby **DENIED**.

### C. Certificate of Appealability

The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows: "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.*"  Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000).  The Supreme Court further illuminated the standard for issuance of a

certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Miller-El*, 537 U.S. at 322 (quoting *Slack*, 529 U.S. at 484).

The court has considered the issues raised by defendant, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the court determines that none meet that standard. The court therefore denies a certificate of appealability in this case.

### D. Conclusion

For the reasons set forth above, it is hereby ordered that the defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 37) is **DENIED**.

It is further ordered that a certificate of appealability is **DENIED**.

The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED**.

DATED: This 8th day of August, 2019.

Howard D McKibben
_____
UNITED STATES DISTRICT JUDGE

- 6 -